IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER FLORES,<br><br>    Petitioner,<br><br>  v.<br><br>A.P. KANE, Warden,<br><br>    Respondent.                 / | No. C 05-3932 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Docket no. 14) |

    Petitioner Javier Flores, a state prisoner incarcerated at the California Training Facility at Soledad, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and Respondent has filed a reply. For the reasons discussed below, the Court GRANTS the motion to dismiss.

BACKGROUND

    In 1982, Petitioner was convicted of second degree murder. He was sentenced to a term of fifteen years to life in state prison.

    On February 20, 2003, Petitioner appeared before the California Board of Parole Hearings (Board)[1] for his tenth parole suitability hearing. The Board found that Petitioner was suitable for parole. On July 18, 2003, former Governor Davis reversed

---

    [1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

Petitioner's grant of parole. On June 2, 2004, Petitioner sought habeas relief from the California Supreme Court challenging former Governor Davis's reversal of his parole grant, and his petition was denied on June 20, 2005.

Petitioner signed his federal petition on August 14, 2005. However, it was not file stamped by the Clerk of Court until September 28, 2005. A pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). However, Petitioner fails to make a claim or showing that the date he signed the petition was the date of delivery to prison officials for mail. Such a claim is especially important here because forty-five days elapsed between the date the petition was signed and the date it was filed. The Court assumes that Petitioner did not give his petition to prison officials for mailing on August 14, 2005 in light of his equitable tolling argument requesting the Court to toll the statute of limitations for the thirty-six days the prison law library was closed during August and September, 2005. (Opp'n at 4-5.) Therefore, the Court will deem his petition filed as of September 23, 2005, three court days before the date of filing.

On January 19, 2006, the Court issued an order directing Respondent to show cause why the petition should not be granted. Respondent filed this motion.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

The one-year statute of limitations also applies to habeas petitions that challenge administrative decisions. The Ninth Circuit Court of Appeals held in Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004), that section 2244's one-year time limit applies to all habeas petitions filed by persons in custody pursuant to a state court judgment. In cases challenging administrative decisions, the limitations period is determined by section 2244(d)(1)(D), which states that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 1066 (quoting 28 U.S.C. § 2244(d)(1)(D)).

For an administrative decision, such as those by the Board, this typically means the day following notice to the petitioner of the decision. Id.; see also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). In this case, the 2003 decision by former Governor Davis reversing Petitioner's grant of parole was faxed to Petitioner on July 21, 2003. (Resp't Ex. 2.) The limitations period began to run on July 22, 2003. Accordingly, Petitioner had until July 22, 2004 to file the present petition. See 28 U.S.C. § 2244(d). Therefore, his petition filed on September 23, 2005, more than one year after the limitations period had expired, is untimely absent tolling.

I.  Statutory Tolling

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further

original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.[2]

Accordingly, the one-year limitations period which began running against Petitioner on July 22, 2003 was tolled by the filing of his state habeas petition in the California Supreme Court on June 2, 2004, which is a period of 317 days. The statute resumed running on July 20, 2005,[3] the date of the California Supreme Court denial, and ran until September 23, 2005, the date Petitioner's federal habeas petition was deemed filed, which is sixty-five additional days. Therefore, a total of 382 days (317 days plus 65 days) had elapsed before Petitioner filed the present petition in federal court on September 23, 2005. Therefore, his petition is untimely because it was filed seventeen days (382 days

---

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal. Id. If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

[3] The Court notes that in 2002, the Ninth Circuit held that tolling under § 2244(d)(2) ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for a writ of habeas corpus within its original jurisdiction are final on filing. Cal. Rule of Court 8.532(b)(2)(C). Accordingly, the denial of Petitioner's state habeas petition within the California Supreme Court's original jurisdiction was final on the date of its filing, July 20, 2005.

minus 365 days) after the limitations period expired.  Accordingly, statutory tolling does not alone overcome the time bar to Petitioner's federal petition.

II. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling is unavailable in most cases, because it is applied only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time."  Id. (citation and internal quotation marks omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The petitioner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The threshold to meet the burden for equitable tolling under AEDPA is a high one.  Id. at 1066.

Petitioner claims that he is entitled to equitable tolling because of his attorney's delay in filing his state habeas petition.  Petitioner states, "Petitioner does not here accuse Mr.

Defilippis of egregious negligence, as he does not know the reasons it took him 317 days to file the California Supreme Court petition, but would like the court to consider this as a circumstance that was beyond his control." (Opp'n at 4.)

Petitioner presents no grounds which establish that he is entitled to equitable tolling on this basis because he fails to provide specific facts establishing that he diligently pursued his claims and that extraordinary circumstances beyond his control prevented him from filing a timely petition. He does not state when he requested assistance from his attorney or when the attorney agreed to assist him. There is nothing in the record that shows that Petitioner contacted his attorney during the 317-day time period to inquire about the status of his petition. Petitioner admits that he "does not know" why it took his attorney 317 days to file his state habeas petition. (Id.) Petitioner concedes that he is not accusing his attorney of "egregious negligence." (Id.) Even assuming the attorney was negligent, Petitioner's argument fails because attorney negligence does not warrant equitable tolling of the limitations period. See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that attorney negligence such as an attorney's miscalculation of the limitations period does not warrant equitable tolling). Accordingly, the Court finds Petitioner is not entitled to equitable tolling on this basis.

Petitioner also argues that he is entitled to a total of forty-four days of equitable tolling due to lack of access to the prison law library. Again, Petitioner fails to state sufficient facts to justify equitable tolling on this basis. He claims that

the prison was on lockdown status for eight days from July 13, 2005 through July 28, 2005 and that the law library was closed for thirty-six days during August and September, 2005.  However, he fails to state specific facts establishing a connection between his lack of access to the prison law library and his inability to file a timely federal petition.  Petitioner's federal petition consists of an attachment, which is identical to the state habeas petition prepared by his attorney except that it is directed to "United States District Court Northern District of California."  (Pet. Attach. at 1-54; Resp't Ex. 3 at 1-54.)  Therefore, Petitioner's allegations do not constitute an "extraordinary circumstance" meriting equitable tolling.  See Beeler, 128 F.3d at 1289.

Accordingly, the limitations period will not be equitably tolled, and the petition is untimely under 28 U.S.C. § 2244(d)(1).

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (docket no. 14) is GRANTED.  The Clerk of the Court shall terminate all remaining motions, enter judgment and close the file.

This Order terminates Docket no. 14.

IT IS SO ORDERED.

Dated: 3/14/08

CLAUDIA WILKEN
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

FLORES,

        Plaintiff,

  v.

KANE et al,

        Defendant.

Case Number: CV05-03932 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Denise Alayne Yates
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Javier Flores C44235
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: March 14, 2008

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk