IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAVIER FLORES,

        Petitioner,

  v.

A.P. KANE, Warden,

        Respondent.

_____

No. C 05-3932 CW (PR)

ORDER GRANTING IN FORMA PAUPERIS STATUS ON APPEAL, DENYING MOTION FOR RECONSIDERATION AND GRANTING CERTIFICATE OF APPEALABILITY

(Docket nos. 22, 23)

    Petitioner, proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254.  On March 14, 2008, the Court granted Respondent's motion to dismiss the petition as untimely.  On March 24, 2008, Petitioner filed a notice of appeal.  On April 14, 2008, he filed an application to proceed <u>in forma pauperis</u> (IFP) on appeal.  On May 30, 2008, he filed a motion for reconsideration.  Respondent filed an opposition to Petitioner's motion for reconsideration on June 25, 2008.  On November 10, 2008, Petitioner filed an "addendum" to his motion for reconsideration.

I.   Motion for Reconsideration

    Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) provides that a district court may retain jurisdiction after a notice of appeal is filed if a petitioner files a motion "for relief under Rule 60 [and] if the motion is filed no later than 10 days (computed using Federal Rule of Civil Procedure 6(a)) after the judgment is entered."  Fed. R. App. P. 4(a)(4)(A)(vi).

    In the present case, Respondent argues that Petitioner's motion for reconsideration of the March 14, 2008 Order Granting Respondent's Motion to Dismiss is untimely because it was not filed

within ten days of the judgment being entered.  Instead, Petitioner filed it over two months after entry of judgment.  Petitioner also filed his motion for reconsideration after filing his notice of appeal.  Thus, Respondent also argues that "the Notice of Appeal divested this Court of jurisdiction to substantively address the Motion."  (Opp'n to Mot. for Recons. at 2.)

Because the notice of appeal was filed before the motion for reconsideration, this Court lacks jurisdiction to rule upon Petitioner's motion.  See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984).  To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the court of appeals, if appropriate, for remand of the case. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).  A district court lacks jurisdiction to rule on a Rule 60(b) motion filed after a notice of appeal unless this procedure "to revest the district court with jurisdiction to consider [the] Rule 60(b) motion" is followed.  Id.

In any event, however, Petitioner's motion has no merit.

Motions to reconsider a decision of the court are appropriately brought under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  Fuller v. M. G. Jewelry, 950 F.2d 1437, 1422 (9th Cir. 1991).  Pursuant to Rule 59(e), reconsideration may be appropriate where the movant demonstrates that there is (1) an intervening change in the controlling law, (2) new evidence not previously available, or (3) a need to correct a clear error of law or to prevent manifest injustice.  School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993),

2

cert. denied, 512 U.S. 1236 (1994).  Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. No. 1J, 5 F.3d at 1263.  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Here, as grounds for reconsideration, Petitioner claims that he "discovered a clear error that entitles him to relief."  (Mot. for Recons. at 2.)  He argues that his petition is "timely under the 'mailbox rule.'"  (Addendum at 2.)  He alleges that he signed his federal petition on August 14, 2005 and gave it to prison officials to be processed on that date.  However, his petition was not file-stamped by the Clerk of Court until September 28, 2005.

Under the "mailbox rule," a pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).

In its March 14, 2008 Order, the Court found that Petitioner failed "to make a claim or showing that the date he signed the petition was the date of delivery to prison officials for mail." (Mar. 14, 2008 Order at 2.)  The Court further stated, "Such a claim is especially important here because forty-five days elapsed between the date the petition was signed and the date it was filed." (Id.)  The Court deemed the petition filed as of September 23, 2005, three court days before the date of filing, because it assumed "that Petitioner did not give his petition to prison officials for mailing on August 14, 2005 in light of his equitable tolling argument requesting the Court to toll the statute of limitations for the thirty-six days the prison law library was closed during August and September, 2005." (Id. (citing Opp'n at 4-5).)

Petitioner states that in his opposition to the motion to dismiss, he "focused on the wrong point," and "sought to establish timeliness through equitable tolling rather than just focusing on when he delivered his legal documents to his Counselor." (Addendum at 2.)  He states, "To the best of [his] recollection, on or about August 14, 2005, [he] gave [his] writ to Counselor Heinly for processing." (Pet'r Decl. ¶ 2.)  He adds, "It appears there is no log to record receipt of the legal mail.  The only record is for outgoing legal mail.  The mail room indicates they forwarded [his] writ to the court on September 27, 2005." (Id. ¶ 4.)  Petitioner alleges that Counselor Heinly "took the writ to the Trust Account Office for them to cut the $5.00 filing fee and to sign the in forma pauperis form." (Mot. for Recons. at 2.)  Petitioner states, "Apparently the Trust Office set [sic] on the writ for a couple of

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

weeks before fulfilling their duties and mailing the writ to the court."  (Id.)  In support of this statement, Petitioner cites Counselor Heinly's declaration.  However, no such declaration is attached to the motion.  Petitioner alleges that Counselor Heinly initially "agreed to wrote a declaration indicating that he had taken possession of the writ on August 14, 2005."  (Addendum at 2.) However, Counselor Heinly "retracted his offer to write a declaration and informed Petitioner that he should ask the Trust Office for a copy of the original trust withdrawal form with the signatures and dates on it."  (Id.)  Petitioner claims he tried to obtain the trust withdrawal form; however, the trust office "indicated that their records had been 'purged' and therefore they were unable to provide a copy of the trust withdrawal form."  (Id.) The record contains a document entitled, "Check Status Update," which indicates that $5.00 was taken from Petitioner's account on September 23, 2005 and sent to the Court.  (Addendum, Attach. "Check Status Update" dated Oct. 14, 2007.)  Also in the record is the receipt for the $5.00 filing fee from the Clerk of the Court dated September 28, 2005.  (Addendum, Attach. "Receipt for Payment" dated Sept. 28, 2005.)

Upon considering the alleged "clear error" presented in Petitioner's motion for reconsideration, the Court finds that Petitioner has failed to show that reconsideration of the Court's March 14, 2008 Order is appropriate.  The Court found the petition to be untimely by seventeen days, and Petitioner has filed this motion for reconsideration to account for forty-five days that he claims should have been tolled pursuant to the mailbox rule. However, the record does not support Petitioner's allegations.

United States District Court
For the Northern District of California

Instead, the record supports the Court's conclusion that the petition should be deemed filed as of September 23, 2005 because that was the date the trust office sent his $5.00 filing fee to the Court.  (Addendum, Attach. "Check Status Update" dated Oct. 14, 2007.)  Given the failure of Petitioner's argument that his petition is timely, the motion to reconsider would not be granted if this Court had jurisdiction to consider it.

In view of the above considerations, the motion to reconsider is DENIED on the merits as well as for lack of jurisdiction.  A remand for ruling is not necessary.

II.  Motion for a Certificate of Appealability (COA)

Petitioner did not seek a COA, however, the Court will construe his notice of appeal as a request for COA on all of the claims raised in his habeas petition.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.")

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  "When the district court denies a habeas petition on procedural grounds

United States District Court
For the Northern District of California

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence allows and encourages federal courts to resolve the procedural issue first, as the Court does here.

The Court has reviewed its Order Granting Respondent's Motion to Dismiss. The petition was dismissed because the statute of limitations deadline was July 22, 2004, this petition was not filed until September 23, 2005, and Petitioner's arguments against dismissal -- that circumstances warrant statutory[1] and equitable tolling to save the petition from being untimely -- were

---

[1] The Court found that statutory tolling did not alone overcome the time bar to Petitioner's federal petition, stating:

> The one-year limitations period which began running against Petitioner on July 22, 2003 was tolled by the filing of his state habeas petition in the California Supreme Court on June 2, 2004, which is a period of 317 days. The statute resumed running on July 20, 2005, the date of the California Supreme Court denial, and ran until September 23, 2005, the date Petitioner's federal habeas petition was deemed filed, which is sixty-five additional days. Therefore, a total of 382 days (317 days plus 65 days) had elapsed before Petitioner filed the present petition in federal court on September 23, 2005. Therefore, his petition is untimely because it was filed seventeen days (382 days minus 365 days) after the limitations period expired.

(Mar. 14, 2008 Order at 5-6 (footnote omitted).)

unavailing.  As mentioned above, the Court also found that nothing
in the record supports Petitioner's allegation that he delivered
his petition to prison officials for mailing on August 14, 2005;
thus, he does not benefit from forty-five additional days under the
"mailbox rule."  Based on the record evidence, a court could
resolve the issue involving the "mailbox rule" in a different
manner than this Court and find the petition to be timely.  Because
jurists of reason would find debatable or wrong the Court's
conclusion that the petition is untimely, the request for a COA is
GRANTED.

                                CONCLUSION

     For the foregoing reasons,

     1.   Leave to proceed IFP on appeal (docket no. 22) is
GRANTED.

     2.   Petitioner's motion for reconsideration (docket no. 23)
is DENIED.

     3.   Petitioner's motion for a COA is GRANTED.

     4.   The Clerk of the Court shall process the notice of
appeal.

     5.   This Order terminates Docket nos. 22 and 23.

     IT IS SO ORDERED.

DATED:  3/10/09           _____
                         CLAUDIA WILKEN
                         United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FLORES,

               Plaintiff,

  v.

 et al,

               Defendant.

Case Number: CV05-03932 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Javier  Flores C44235
Correctional Training Facility
P.O. Box 689
Soledad,  CA 93960-0689

Dated: March 10, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California